NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAI NGUYEN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> K. WILLIAMS, Counselor, CC2; D. ZEPEDA, Counselor; D. GRAY, Counselor; A. BARRIOS, Counselor, <br><br> Defendants - Appellees. | No. 24-3844 <br><br> D.C. No. 3:23-cv-01142-JO-KSC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted August 19, 2025**

Before: SILVERMAN, HURWITZ, and BADE, Circuit Judges.

California state prisoner Dai Nguyen appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915(e)(2)(B). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Nguyen's access-to-courts and right-to-counsel claims because Nguyen failed to allege facts sufficient to state a plausible claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996) (discussing requirements for an access-to-courts claim); *Nordstrom v. Ryan*, 856 F.3d 1265, 1271 (9th Cir. 2017) (discussing requirements for a right-to-counsel claim).

The district court properly dismissed Nguyen's due process claim because Nugyen failed to allege facts sufficient to show that he was deprived of a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (a prisoner has no protected liberty interest unless the sanction imposed extends the length of his sentence or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (holding that there is generally no liberty interest in being housed in a particular correctional institution).

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

24-3844